HARDY, Judge.
Plaintiff, the divorced wife of defendant, brought suit for an inventory, accounting and partition of certain described property, both real and personal. The action was accompanied by the issuance of a writ of sequestration. Approximately a year and a half after the filing of plaintiff’s original petition there was filed a joint petition by plaintiff and defendant praying for a petition by licitation of several described tracts of real property. Prior to the filing of this petition Mrs. Elder A. Ducote, nee Verlina Bordelon, filed a petition of intervention in which she claimed the ownership of an undivided one-half interest in three specifically described tracts of real property which were involved in the original action between, and the partition sought by, plaintiff and defendant. Intervenor alleged, and it is admitted, that she was born of the marriage of defendant, Ulysses L. Bordelon and Florestine Guillot, now deceased; that she was the sole heir at law of said decedent, and entitled to the ownership of her mother’s community interest in the properties described.
Many of the issues originally concerned as between plaintiff and defendant were apparently resolved before trial and the judgment as rendered recognized the plaintiff, Elizon Ponthier, and the intervenor, Verlina Bordelon Ducote, as owners of an undivided one-half interest each in the three tracts of land described therein. There was further judgment rejecting in-tervenor’s demands for rent which she had incorporated in her petition of intervention. From the judgment defendant has appealed and the intervenor has answered the appeal, praying the amendment of the judgment to the extent of allowing her claims for rent.
There is only one principal issue here tendered for our determination. There is no serious contention, and, indeed, there could be none, as to the correctness of the judgment recognizing the intervenor as the owner of her deceased mother’s undivided one-half interest in the community property. The only dispute involves the respective rights as between plaintiff and defendant, now divorced husband and wife. The facts show that plaintiff and defendant lived together for some years before they were legally married. Following the marriage, by instrument dated March 13, 1947, Ulysses L. Bordelon executed an act of donation, inter vivos, under which he granted to his wife, Elizon Ponthier, an undivided one-half interest in certain described property which included the three tracts here in dispute. This act of donation on the part of the husband was accompanied by a rec’procal and concurrent act of donation from the wife, Elizon Ponthier, to her husband, Ulysses L. Bordelon, in which she conveyed an undivided one-half interest in certain property which she owned.
Defendant now contends that the act of donation to which reference is above made, did not convey an undivided one-half in *34 terest in the whole of the properties but was restricted to the conveyance of an undivided one-half of defendant’s interest therein. In other words, defendant takes the position that at the time of his execution of the act of donation he owned only an undivided one-half interest in the property involved, which had been a part of the community existing between him and his deceased wife, Florestine Guillot, and that his conveyance by donation to his wife, Elizon Ponthier, should be construed as granting only an undivided one-half of his undivided one-half in the whole of the property.
We do not think this contention can be sustained. Nor do we think it necessary to resort to technicalities or codal provisions of interpretation. Such methods are appropriate only where uncertainties and ambiguities are apparent on the face of the instrument called in question. We find not the slightest irregularity nor ambiguity with respect to the description of the interest-conveyed in the donation of March 13, 1947. Reference to the certified copy of the instrument itself, which has been made a part of the record by agreement between counsel for all parties, shows that it purported to convey:
“An undivided one-half of the following described real estate * *
The instrument further contained the following declaration:
“The above real estate was acquired by donor prior to his marriage.”
Under the circumstances we cannot conceive any just and reasonable basis for defendant’s contentions. This conclusion is further supported by the fact that defendant filed no answer opposing plaintiff’s original petition in which she claimed the ownership of an undivided one-half interest in the property and, indeed, defendant joined with plaintiff in the petition for a partition by licitation, to which we have above referred and which was filed subsequent to the intervention, in which it was represented that plaintiff and defendant were owners in indivisión “in the proportion of an undivided one-half (%) each” of the property.
It is perfectly clear that defendant never evidenced any intention of restricting the donation as now claimed until the effect of intervenor’s just claim to title to one-half of the properties threatened to deprive him of all interest therein.
With reference to intervenor’s claims for rent, which were disallowed by judgment of the district court but are here re-urged on answer to appeal, we observe that the record fails to disclose any evidence of plaintiff’s claims to or recognition of ownership prior to the rendition of the judgment which is here at issue. Nor does the record satisfactorily evidence any effort on the part of intervenor or any attempt to fix, demand and collect the rents now claimed. Finally, after careful examination of the record we are unable to discover any sound basis upon which a conclusion as to a reasonable rental might be predicated. The proof of intervenor’s demands in this respect falls far short of that certainty which is essential to the pronouncement of a definitive judgment.
For the reasons assigned the judgment from which appealed is affirmed at appellant’s cost and it is ordered, adjudged and decreed that intervenor, Verlina Bor-delon Ducote, and plaintiff, Elizon Pon-thier, be and they are recognized as the owners of an undivided one-half interest each in and to the following described property, to-wit:
(1). A certain tract or parcel of land, together with all buildings and improvements thereon, described as Lot A of a Plat of C. P. Couvillion, Surveyor, attached to a partition among Edwin L. Bordelon, et al., filed October 6, 1941, recorded in Alienation Book A-103, at page 26 of the Records of the Parish of Avoyelles, said lot containing 29.70 acres, described as being a part of Section 48 and a part of Section 8, Township 1 North, Range 3 East, Avoyel-les Parish, Louisiana.
(2). Lot “E” of a plat of C. P. Couvil-lion, ■ Surveyor, attached to a partition of land among Edwin L. Bordelon, et al., filed October 6, 1941, recorded in Alienation Book A-103, at page 26 of the Records of the Parish of Avoyelles, Louisiana, said lot *35 containing 22.08 acres and being situated in the Northwest Quarter of Section 5, Township 1 North, Range 3 East, Avoyelles Parish, Louisiana.
(3). An undivided one-third (%) of the Northwest Quarter of the Northwest Quarter of Section 18, and the Northwest Quarter of the Southwest Quarter of Section 18, all in Township 1 North, Range 3, East, Avoyelles Parish, Louisiana.